IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL MOORE and MARY MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-12-652-D |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This matter came before the Court for hearing on September 4, 2013, regarding Defendant's Motion for Protective Order and to Partially Quash Subpoena Duces Tecum to Non-Party Rimkus Engineering [Doc. No. 35], which was joined by a nonparty, Rimkus Consulting Group, Inc. ("Rimkus"). Following an in-chambers conference attended by counsel for the parties and Rimkus, the parties announced an agreement regarding numerous issues, but presented for decision by the Court the question of whether certain engineering reports prepared by Rimkus for Defendant are within the scope of discovery authorized by Fed. R. Civ. P. 26(b)(1).

Upon consideration of the parties' arguments and briefs, the Court finds that Rimkus' engineering reports are discoverable because they are relevant and not privileged. "Relevance" for purposes of discovery is not limited to evidence that may be admissible at trial. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). While Defendant contends that the engineering reports prepared for other insureds' claims, like the one prepared for Plaintiffs' residence, are fact-specific and have no bearing on the issues in

this case, it is equally possible that an examination of the reports will reveal a common thread with respect to Rimkus' engineering assessments that will lead to admissible evidence. Rimkus should be required to produce the engineering reports, subject to reasonable limits regarding the scope and manner of production to which the parties have agreed, so that they can be evaluated and their significance can be determined. The Court further finds that, pursuant to Rule 26(c)(3) and Rule 37(a)(5)(C), each party should bear its own costs with respect to the Motion, subject to the parties' agreement regarding the costs of production.

As to Defendant's request for an enlargement of discovery in light of this ruling, the parties may file an appropriate motion and briefs regarding this issue, as necessary, after the reports have been produced and evaluated.

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order [Doc. No. 35] regarding the unresolved issue is DENIED, as set forth herein. The engineering reports, or related documents to which the parties have agreed, must be produced within 21 days of this Order.

IT IS SO ORDERED this 5th day of September, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE