IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARRYL MOORE and MARY MOORE, )
)
         Plaintiffs, )
)
v. )   Case No. CIV-12-652-D
)
ALLSTATE INSURANCE COMPANY, )
)
         Defendant. )

**<u>O R D E R</u>**

Before the Court is Defendant's motion for partial summary judgment on Plaintiffs' claims for bad faith and punitive damages [Doc. No. 19]. Plaintiffs have responded [Doc. No. 46], and Defendant has filed a reply [Doc. No. 56]. Also before the Court is Plaintiff's motion for leave to file a supplemental brief in response to the summary judgment motion [Doc. No. 67], to which Defendant has filed an objection [Doc. No. 69] and Plaintiffs have filed a reply [Doc. No. 70]. Plaintiffs' motion for leave to file a supplemental brief is DENIED as unnecessary.

    In support of its motion for summary judgment, Defendant Allstate Insurance Company ("Allstate") argues that it was reasonable for it to rely on its engineer's extremely detailed report rather than Plaintiffs' engineer's report and that it had a reasonable basis for its decisions. In addition, it asserts that it was doing and offering to do exactly what the Plaintiffs wanted done in regard to the adjustment of their loss at the time suit was filed. Accordingly, it asserts that it is entitled to summary judgment on Plaintiffs' claim for breach

of the insurer's duties of good faith and fair dealing. Additionally, Defendant asserts that Plaintiffs' claim for punitive damages fails because Plaintiffs cannot show wanton or reckless disregard for the rights of another, oppression, fraud or malice, such that punitive damages are warranted.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if the evidence is so significantly probative that a jury could reasonably return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is "material" if it is essential to the proper disposition of the claim. *Id*. at 249. To avoid summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

The party moving for summary judgment may meet its burden by showing or pointing out that there is an absence of evidence to support the non-moving party's case. *Id*. at 325. In making the determination whether there is a genuine issue of material fact when a motion for summary judgment is made, the Court views the evidence and all reasonable inferences therefrom in a light most favorable to the non-moving party. *Securities and Exchange Commission v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013).

In this case, both Plaintiffs and Defendant have set forth a plethora of facts, many of which are not supported by citations to evidence, as required by Rule 56(c)(1). The Court, however, finds that only a few facts are material to the disposition of Defendant's motion and that genuine issues of material fact exist.

Plaintiffs' home was damaged by a tornado on May 10, 2010. At the time of the tornado, Plaintiffs' home was covered by a policy of insurance issued by Defendant Allstate Insurance Company (Allstate). Plaintiffs submitted a claim to Allstate seeking money to repair or replace personal property, contents, and the home. Plaintiffs have no complaint concerning their personal property claim or contents claim. Those claims were paid by Defendant Allstate. Plaintiffs were also satisfied with Allstate's treatment of their claims relating to the garage and shed. This case involves a dispute over alleged structural damage to Plaintiffs' home, whether it was caused by the tornado and the amount of the structural damages.

On June 25, 2010, Defendant received an engineering report from Rimkus Consulting Group, Inc. concerning the damages to Plaintiffs' home. Among other things, the engineer who prepared the report concluded as follows:

> We conclude wind forces moved the roof and ceiling framing in the area of the east end of the converted attic space (above the family room), which resulted in the development of the recent gypsum board cracks, including the one in the family room ceiling, reported by Mr. Moore after our site visit. Furthermore, the dip in the roof ridge line (see Exterior 1. above) is located in proximity to this framing. We conclude the dip in the roof ridgeline probably pre-existed the storm to some degree because of the poor, and/or altered structural framing in this area of the

3

> residence (generally above the floor area of the family room), but cannot rule out that the dip was exacerbated by framing movement because of the storm. <u>The family room ceiling should be shored adequately in order to remove enough gypsum board from the end (east) wall of the converted attic space and the family room ceiling for close inspection of the wood framing and its connections</u>, followed by appropriate repair of the framing as needed to meet local building code requirements. <u>A licensed professional engineer should be retained to coordinate and/or perform this inspection/work</u>.

*See* Rimkus Engineering Report (Exhibit 1 to Defendant's Motion) at ¶ 31 (emphasis added).

On or about October 5, 2010, Plaintiffs submitted to Defendant Allstate their engineer's report done by Fred Rasolkhani based on his inspections of Plaintiffs' home in July of 2010. In his report, Mr. Rasolkhani concluded as follows:

> <u>The visual inspection of this damaged house at the present condition does not indicate the extent of the damage, the damage must be seen and observed physically to determine the extent of the damage</u>. The separation of the wall at the entry side is very serious and in a way dangerous and could cause possible loss of lives.
> <u>Sheet rock and insulations must be removed and the connection of the stud and plates and joists must be observed at the entire part of the wall and ceilings, if the joists have been pulled out to the point, the collapse of the ceiling is very much possible</u>, this house is on joists, there were movements and lift ups under the house because of the tornado, the tie down and the connection of the house to the tier blocks needs to be fixed, the east side fire place has pulled and moved out and the entire fire place needs to be examined and attached to the wall, <u>a few location of the roof needs to be pulled out and all the rafters to be looked at for section loss and pull and possible crack at the stress points and joints</u>, to assume any part of this structure that may be of possible old age does not make any sense, <u>it needs to be observed and the repair damage to be indicated, the severity of the damage only can be seen by actual observation of bare walls and ceilings</u>. The movement of the bottom of the house can be

4

> repaired and the estimate could be obtained by foundation Repair Company and once all the observation is completed the final figure for repairs could be obtained.

*See* Rasolkhani Engineering Report (Exhibit 2 to Defendant's Motion) (emphasis added). On May 31, 2010, Defendant Allstate determined that "use of an engineer may be needed to determine the extent of any structural damage to the dwelling." *See* Claim File (Exhibit 6 to Plaintiffs' Brief) at p. 3.

In October of 2010, Allstate's engineer submitted an addendum to his report in which he again recommended removal of "gypsum board from the east wall of the converted attic space and the family room ceiling for close inspection of the wood framing and its connections in this area, followed by appropriate repair of the framing" and that "[a] licensed professional engineer should be retained to coordinate and/or perform this inspection work." *See id.* at pp. 16-17.

On or about May 5, 2011, Allstate's second appraiser, Cunningham Lindsey, concluded that the damages to Plaintiffs' home were $44,934.92. *See* Cunningham Lindsey Report (Exhibit 15 to Plaintiffs' Brief) at p. 7. This amount was apparently never paid.

Defendant Allstate contends it offered to do exactly what Plaintiffs wanted done – to tear some walls open to determine the amount and cause of structural damage to Plaintiffs' house. This offer occurred during the appraisal process. Unfortunately, Allstate does not say <u>when</u> the offer was made. However, from the record herein, it appears Allstate's suggestion that the tear-out be done occurred at the earliest on December 6, 2011. *See* Deposition of Darryl Moore (Exhibit 4 to Defendant's Motion) at pp. 183 & 185. It is not clear from the

5

record why this was never done or why the appraisal process was halted. It is clear, however, that by January 11, 2012, the tear-out had not been done, any structural damage to Plaintiffs' home had not been repaired, and Allstate had made no offer for the repair of structural damage to Plaintiffs' home. *See* Gaines Letter (Exhibit 9 to Plaintiffs' Brief).

Plaintiffs' damages or loss occurred on May 10, 2010. By October of 2010, both Defendant's and Plaintiffs' engineers had recommended that some tear-out of walls to assess and to repair the structural damage to Plaintiffs' home, and that this inspection and work be done by a licensed professional engineer. Yet Defendant Allstate did not hire an engineer to do the inspection work and first offered to do this work in December of 2011. Further, the work was never done. An insurer's duty "to timely and properly investigate an insurance claim is intrinsic to an insurer's contractual duty to timely pay a valid claim." *Brown v. Patel*, 157 P.3d 117, 122 (Okla. 2007) (emphasis omitted). "[W]hen presented with a claim by its insured, an insurer 'must conduct an investigation reasonably appropriate under the circumstances' and 'the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient.'" *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (quoting *Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760, 762 (Okla. 1984)). If there is conflicting evidence from which different inferences can be drawn regarding the reasonableness of an insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact based on a consideration of the circumstances of the case. *See McCorkle v. Great Atlantic Insurance Co.*, 637 P.2d 583, 587 (Okla. 1981).

In this case, it may have been reasonable for Defendant Allstate to rely on the Rimkus Engineering Report, but the fact is that Allstate did not do or authorize the inspection its own engineer (and Plaintiffs' engineer) recommended to determine the structural damage to Plaintiffs' home. Indeed, Defendant waited at least 18 months after its engineer's report before it agreed to do the kind of investigation or inspection its own engineer recommended. But that investigation/inspection was never done. Moreover, during the appraisal process, in May of 2011, an appraiser for Defendant evaluated the damage to Plaintiffs' property at an amount in excess of $44,000, but the record does not show this amount was ever paid.

Upon consideration of facts shown by the record and inferences drawn in favor of Plaintiffs, the Court finds that a genuine dispute of material fact exists as to the reasonableness of Defendant Allstate's conduct. Reasonable jurors could find that Allstate did not conduct an investigation of the damage to Plaintiffs' home which was reasonable under the circumstances, and that Defendant unreasonably delayed conducting a proper investigation and paying Plaintiffs' claim for damages to their home.

Moreover, the Court concludes that Defendant Allstate is not entitled to summary judgment on Plaintiffs' claim for punitive damages. Reasonable jurors could find that Defendant Allstate's conduct was in reckless disregard of its duty to deal fairly and in good faith with its insureds. *See* Okla. Sat. tit. 23, § 9.1(B)(2). Whether the jury could so find by clear and convincing evidence, and whether the jury could find that Defendant intentionally and with malice breached its duty to deal fairly and in good faith with its insureds, must await the presentation of evidence at trial.

In accordance with the foregoing, Defendant Allstate's motion for partial summary judgment [Doc. No. 19] is DENIED in its entirety. Plaintiffs' motion to file a supplemental brief directed to the motion [Doc. No. 67] is also DENIED.

IT IS SO ORDERED this 17th day of January, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE