IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DARRYL MOORE and MARY MOORE, )
)
        Plaintiffs, )
)
v. )   Case No. CIV-12-652-D
)
ALLSTATE INSURANCE COMPANY, )
)
        Defendant. )

# **O R D E R**

Before the Court is the Motion to Compel of Defendant Allstate Insurance Company to Require Plaintiff to Produce Report of Expert [Doc. No. 73]. Plaintiffs have timely opposed the Motion, and the time for filing a reply brief has expired.

Defendant seeks an order compelling Plaintiffs to produce the written report required by Rule 26(a)(2)(B), Fed. R. Civ. P., of their designated engineering expert, Kelly Parker. *See* Pls.' Designation of Expert Witness [Doc. No. 68]. Although not cited by Defendant, the Motion is governed by Rule 37(a)(3). It contains a statement of counsel that the parties have satisfied the meet-and-confer requirement of Rule 37(a)(1) and LCvR37.1, which the Court accepts as a sufficient certification under the circumstances.

Plaintiffs first object to production on the ground that the expert's testimony will become irrelevant if the Court grants a pending motion in limine, which they filed after Defendant's Motion as part of their trial submissions. This is not a proper objection. The disclosures required by Rule 26(a) must occur sufficiently in advance of trial to permit orderly trial preparation. Absent a stipulation or court order, an expert's report is due "at

least 90 days before the date set for trial," except a rebuttal expert's report is due "within 30 days after the other party's disclosure."  *See* Fed. R. Civ. P. 26(a)(2)(D).

Alternatively, Plaintiffs contend that Mr. Parker is a rebuttal expert who will be called only to address the opinions provided by Defendant's expert regarding a property inspection that occurred on November 13, 2013.  This contention is supported by Plaintiffs' description of his proposed testimony in the proposed Final Pretrial Report.  Plaintiffs also contend their time to provide a written report from Mr. Parker has not expired because Defendant's expert has not disclosed his report regarding the November 13 inspection.  Plaintiffs represent, without reply from Defendant, that Defendant's engineering expert has not provided his supplemental opinions based on the November 13 inspection, which occurred after his written report and his deposition.

Defendant disputes that Mr. Parker was designated as a rebuttal expert, arguing that Plaintiffs requested and were granted leave to add Mr. Parker as an additional expert in order to resolve a discovery dispute regarding Defendant's request to conduct the November 13 inspection.  *See* Order of May 14, 2013 [Doc. No. 28].  Defense counsel states in his brief that Plaintiffs' counsel gave no indication of Mr. Parker's role as a rebuttal expert at the time the attorneys reached their discovery agreement.  Plaintiffs do not contradict this version of events; they say their counsel first raised the issue of obtaining the supplemental opinions of Defendant's engineer "[a]t the re-inspection itself."  *See* Pls.' Resp. Br. [Doc. No. 86] at 5.

The Court finds no need to resolve the parties' differing views of the terms of their discovery agreement, as described in their respective briefs.  It is clear from Plaintiffs' trial

filings that they do not intend to present any evidence regarding the November 13 inspection during their case in chief. Defendant provides no authority for the proposition that Plaintiffs can be required to present such evidence. The burden of proof rests with Plaintiffs, and they decide what trial evidence they choose to offer. It is also clear that this inspection, which Mr. Kelly attended as Plaintiffs' expert consultant, would be the subject matter of his opinions. Thus, he is by definition a rebuttal expert, whose testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). If Defendant's engineering expert has not made any disclosure of his opinions drawn from the November 13 inspection, then Plaintiffs have no duty to disclose their rebuttal expert's opinions either. Defendant concedes this fact by offering to disclose its expert's report regarding the November 13 inspection after receiving Mr. Parker's report. *See* Def.'s Motion [Doc. No. 73] at 7.

Therefore, the Court finds that Plaintiffs have not failed to provide Mr. Parker's expert disclosures as required by Rule 26(a)(2). The Court also finds that a failure of Defendant's expert to supplement his report to address the November 13 inspection may provide an additional reason to exclude trial evidence regarding the inspection, as requested by Plaintiffs. *See* Pls.' Motion in Limine [Doc. No. 82] at 1. Accordingly, the Court will require Defendant to certify that the supplemental disclosure has been made before any evidence regarding the November 13 inspection will be admitted at trial, even if the Court should deny Plaintiffs' Motion in Limine on this issue.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel [Doc. No. 73]

is DENIED, as set forth herein.

IT IS SO ORDERED this 2nd day of April, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE